IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

K D, a minor, by his parent : CIVIL ACTION NO.
and natural guardian, Kenneth Dieffenbach, and :
KENNETH DIEFFENBACH in his own right :
18 Pondview Lane :
Lewes, DE 19958 :
:
v. :
:
UNITED STATES OF AMERICA :
:

# COMPLAINT
# PARTIES

1.  Plaintiffs, K.D., a minor, and his parent, Kenneth Dieffenbach, are individuals residing at 18 Pondview Lane, Lewes, DE. Kenneth Dieffenbach brings this action on behalf of his minor child, K.D., in his capacity as his parent and natural guardian, and he also brings this action in his own right.

2.  Defendant, United States of America, is amenable to suit in accordance with what is commonly known as the "Federal Tort Claims Act" 28 U.S.C. § 2671.

## JURISDICTION

3.  Plaintiffs hereby incorporate paragraphs 1 through 2 as if set forth herein.

4.  With respect to the claims against The United States of America, jurisdiction is conferred pursuant to 28 U.S.C. § 1346(b).

5.  The appropriate venue is the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1402(b) as this is the judicial district where the minor plaintiff resides.

6.  On or about December 9, 1995, the minor plaintiff was admitted to the National Institute of Health for the implantation of a pacemaker under the care and supervision of Dr.

Lameh Fananapazir, who was employed by defendant at the National Institute of Health. At all times material hereto, Dr. Fananapazir was employed by, and/or was the agent and/or ostensible agent of the National Institute of Health and the United States of America.

7. At all times material hereto, K.D. was treated at the National Institute of Health operated by the United States of America. Upon information and belief, the experimental program under which the minor plaintiff was treated was run by Dr. Fananapazir with the blessing and oversight of the National Institute of Health.

8. Although Kenneth Dieffenbach was warned by defendant that the pacemaker implantation was essential to sustain the minor plaintiff's life, the implantation was, in reality, part of an experiment that was carried out without sufficient evidence that the pacemaker could help the minor plaintiff and without regard to the risks associated from such a procedure.

9. At no time was Kenneth Dieffenbach informed that the procedure was part of an experiment, or that there were safer alternatives available. In fact, the true nature of the experiment was fraudulently concealed from the plaintiffs willfully with intent to deceive.

10. Dr. Fananapazir committed fraud by intentionally misinterpreting the minor plaintiff's medical records and basing his recommendations on these misinterpretations.

11. During all times mentioned herein, it was the duty of the defendant, by and through its agents, servants, workmen and employees, to perform all necessary medical care and treatment required in connection with the minor plaintiff, K.D., and to provide all necessary procedures in a careful and prudent manner with requisite professional skill, discretion, care and judgment recognized as standards in the profession of surgery under the existing circumstances, and to properly and timely examine, diagnose, advise, care, operate on and treat the minor

plaintiff, K.D., as may be necessary.

12. At no time, and in no manner, did anyone from the National Institute of Health or Dr. Fananapazir communicate with Mr. Dieffenbach to inform him that the medical advice given and the treatment rendered had been below the standard of care/negligent. This is a direct violation of the duty a hospital and physicians owe to their patients to inform them of exactly the nature of their conditions and the manner in which their care was carried out.

13. Mr. Dieffenbach relied upon the statements, and lack of statements from Dr. Fananapazir as well as other hospital personnel and health care providers regarding Kevin's condition and the treatment that was appropriate. He relied on this because he trusted them. They violated his trust by experimenting on his son, and then by covering it up.

14. From age 8 to age 12, outpatient evaluations every 6 months showed that Kevin Dieffenbach was asymptomatic and had no change in his clinical status. In fact, echocardiography and exercise testing demonstrated a stable course with mild left ventricular outflow tract obstruction, mild mitral regurgitation, and low-normal exercise capacity.

15. At age 12, K.D.'s outpatient evaluation showed no changes, but the pacemaker had reached elective replacement indicators. His doctors were unconvinced that the pacemaker was providing any benefit, and so they placed it in stand-by mode.

16. K.D. was re-evaluated 3 months later, at which time pacemaker interrogation showed the battery to be depleted. Exercise testing and echocardiography showed no change from his status prior to discontinuation of pacing. His doctors considered removing the pacemaker but did not feel there was a need to do so as a separate procedure as they felt that there was no risk to leaving it in place.

17. K.D. remained asymptomatic for the next 6 months, but then he experienced a dramatic syncopal episode. Upon admission to the hospital, he was noted on telemetry to have no significant arrhythmias but he did have pacer spikes from the pacemaker. The pacemaker could not be interrogated due to the low battery. The electrophysiology group felt that this was a rogue pacemaker that caused ventricular arrhyhmia, and that the pacemaker had to be removed.

18. Due to K.D.'s underlying cardiomyopathy, there was no choice but to place an ICD at the time of the pacemaker removal because his doctors could not ascertain his intrinsic arrhythmia risk.

19. Because of a defective pacemaker, the minor plaintiff had cardiac arrest, removal of the pacemaker, unnecessary ICD implantation, and myocardial injury resulting in exacerbation of underlying valve disease that ultimately required cardiopulmonary bypass and cardiac surgery.

20. The minor plaintiff, K.D., has suffered harm which has left him permanently impaired as a result of the negligence of the defendant.

21. As a result of the negligence of the defendant, the minor plaintiff suffered extreme psychological trauma, and suffers from additional medical problems that were not present prior to pacer implantation.

22. As a result of the negligence of the defendant, the minor plaintiff sustained other injuries and losses, including but not limited to loss of future earning capacity, permanent loss of use of bodily function, loss of life's pleasures, pain and suffering, embarrassment and humiliation, and physical deformity.

23. As a result of the negligence of the defendant, the minor plaintiff is physically disabled.

24. As a result of the negligence of the defendant, the minor plaintiff suffers from a severely enlarged atrium that was not present prior to pacer implantation, and he has a reduced life expectancy.

25. The defendant increased the risk of harm the minor plaintiff suffered due to its negligent treatment.

26. The plaintiffs' claim was submitted for administrative review in accordance with 28 U.S.C. 2675, and a decision was issued within six months of receipt of said administrative claim form denying the claim.

## COUNT I

## PLAINTIFFS v. UNITED STATES OF AMERICA

27. Plaintiffs hereby incorporate paragraphs 1 through 26 as if set forth herein.

28. At all times relative to this cause of action, defendant United States of America acted by through its agents, servants, workmen, employees, ostensible agents and borrowed servants.

29. The negligence of defendant United States of America, by and through its agents, servants, workmen, employees, ostensible agents, and borrowed servants, included but was not limited to:

    (a) employing and/or granting staff privileges to staff and other healthcare providers with lack of experience; or failing to investigate or ascertain the extent of same;

    (b) failing to direct or require the attention, advice and instruction of properly trained, experienced and qualified specialists as to the same;

(c) failing to provide sufficient and timely support, service and equipment to supply its doctors;

(d) failing to adequately supervise, review, consider and/or correct their agents, servants and employees treatment of the minor plaintiff;

(e) failing to perform, render and/or direct the prompt, proper and adequate evaluation of the minor plaintiff's condition;

(f) failing to perform, require and/or direct the proper management and monitoring of the minor plaintiff's condition;

(g) failing to adopt and enforce rules and regulations requiring adequately trained specialists and physician consultations;

(h) failing to adequately observe, supervise and control the quality of care received by patients, including the minor plaintiff, within its facilities;

(i) failing to properly treat, diagnose, examine and render services to the minor plaintiff;

(j) failing to provide appropriate care relative to the minor plaintiff's procedure;

(k) failing to provide appropriate follow-up care after the minor plaintiff sustained injuries;

(l) failing to provide adequate surgical staff and resident support to the minor plaintiff;

WHEREFORE, plaintiffs demand judgment against the defendant for compensatory damages, punitive damages, and costs of suit.

## COUNT II

### PLAINTIFF KENNETH DIEFFENBACH v. UNITED STATES OF AMERICA

30. Plaintiffs hereby incorporate paragraphs 1 through 29 as if set forth herein.

31. As a result of the negligence of the defendant, plaintiff, Kenneth Dieffenbach, was compelled to expend large sums of money for the medical care of the minor plaintiff, and has lost large sums of money and expended funds for his care and treatment, which costs will continue into the future due to the permanent and irreparable harm suffered by the minor plaintiff as a result of the negligence of the defendant.

32. As a result of the negligence of the defendant, Kenneth Dieffenbach, as the parent of the minor plaintiff, has suffered a loss of earnings and an impairment of his earning capacity due to time he has had to miss from work and will miss in the future, for the care of his son.

33. Plaintiff, Kenneth Dieffenbach, has incurred additional charges associated with the care and treatment of his son, K.D., and will continue to do so indefinitely into the future.

WHEREFORE, plaintiff, Kenneth Dieffenbach, demands judgment against the defendant, United States of America, for compensatory damages, punitive damages, and costs of suit.

## COUNT III

### MINOR PLAINTIFF, K.D. V. UNITED STATES OF AMERICA

34. Plaintiffs hereby incorporate paragraphs 1 through 33 as if set forth herein.

35. As a result of the carelessness and negligence of the defendant, the minor plaintiff, K.D., has suffered a loss of earning capacity during the course of his lifetime.

36. As a result of the negligence of the defendants jointly and severally, the minor plaintiff will incur a loss for medical expenses during the course of his lifetime.

37. As a result of the negligence of the defendants jointly and severally, the minor plaintiff has sustained severe pain and suffering, embarrassment and humiliation, and a physical deformity and handicap which are all permanent in nature.

WHEREFORE, plaintiff, K.D., demands judgment against the defendant for compensatory damages, punitive damages, and costs of suit.

## COUNT IV

### PLAINTIFF K.D. v. UNITED STATES OF AMERICA

38. Plaintiffs hereby incorporate paragraphs 1 through 37 as if set forth herein.

39. The defendant failed to obtain proper and informed consent for the treatment rendered to the minor plaintiff, K.D..

WHEREFORE, plaintiff, K.D., demands judgment against the defendant for compensatory damages, punitive damages, and costs of suit.

CHARLES SNYDERMAN, P.A.

_____
CHARLES SNYDERMAN, ESQUIRE
Del. Bar I.D. No. 426
5301 Limestone Road, Suite 214
Wilmington, DE 19808
(302) 239-1140
Attorney for Plaintiffs

_____
FREDERICK K. FUNK, ESQUIRE
Del. Bar I.D. No. 988
24 Polly Drummond Hill Road
Newark, DE 19711
(302) 368-6233
Attorney for Plaintiffs

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
K.D. and Kenneth Dieffenbach

## DEFENDANTS
United States of America

(b) County of Residence of First Listed Plaintiff: **Sussex County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Charles Snyderman, Esquire (302)239-1140
5301 Limeston Road, Suite 214
Wilmington, DE 19808

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2671
Brief description of cause:
Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 8/23/07
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ⎯ 0 7 ⎯ 5 1 5 ⎯

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 AUG 23 AM 8: 50

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

___8/23/07___   _____(signature)_____ (PARCELS)
(Date forms issued)   (Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action