IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KD, a minor, by his parent and natural
guardian, Kenneth Dieffenbach, and
KENNETH DIEFFENBACH, in his
own right

   Plaintiff,

v.

UNITED STATES OF AMERICA,

   Defendant.

Civil Action No. 07-515-***

# UNITED STATES' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

Dated:  January 30, 2008

## TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**CASES**                                                                                 **PAGE**

*Frantz v. United States*
    791 F.Supp. 445 (D.Del. 1992) .................................. 2

*Hughes v. United States*
    263 F.3d 272 (3d Cir. 2001) ..................................... 1

*United States v. Kubrick*
    444 U.S. 111 (1979) ............................................ 2

**STATUTES AND OTHER AUTHORITIES**

    28 U.S.C. § 2401(b) ............................................ 1

Federal Rules of Civil Procedure

    12(b)(6) ....................................................... 1
    56 ............................................................. 1

## NATURE AND STAGE OF THE PROCEEDING

This is a Federal Tort Claims Act ("FTCA") case in which the Plaintiffs allege medical malpractice by a federally employed health care provider at the National Institutes of Health ("NIH") in Bethesda, Maryland. An administrative claim was filed with NIH on behalf of the minor plaintiff only, and was denied. Plaintiffs subsequently filed suit in this court. The United States filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, and Opening Brief in support thereof. Plaintiff filed an Answering Brief in Opposition. This is the Government's Reply Brief.

## STATEMENT OF FACTS

The Statement of Facts in Plaintiffs' Answering Brief is consistent with the Statement of Facts in the United States' Opening Brief regarding the dates on which certain key events took place, with one exception. Plaintiffs argue that they had no reason to know of any alleged negligence by providers at the National Institutes of Health ("NIH") until May 10, 2004, nearly ten years after the treatment complained of at NIH, and more than a year after the allegedly defective (and allegedly improperly implanted) pacemaker was removed. However, Plaintiffs acknowledge that the minor, KD, had developed symptoms related to the alleged negligence during the three years following implantation of the pacemaker at NIH (therefore between 1995 and 1998), and that those symptoms disappeared when KD was treated at Children's Hospital of Boston ("CHOP") in 1998, and the medication prescribed by NIH providers was stopped. Plaintiffs' Answering Brief at page 2 - 3.

## ARGUMENT

### I. Plaintiffs' Administrative Claim was Untimely

The factual admissions in Plaintiff's Answering Brief, reviewed above, establish that the Plaintiffs' administrative claim, filed on March 28, 2006, was untimely. It was not filed for well more than two years – indeed more than seven years – after KD's symptoms allegedly improved in 1998, when he stopped follow-up care at NIH and entered the care of CHOP. By Plaintiffs' own admission, they had reason to know of the alleged injury and its cause no later than 1998. Their administrative claim, filed on March 28, 2006, was thus untimely under the FTCA. 28 U.S.C. § 2401(b); *Hughes v. United States*, 263 F.3d 272, 275 (3d Cir. 2001).

On another topic relevant to the untimeliness of Plaintiffs' claim, Plaintiffs Answering Brief argues that the medical records attached to the United States' Opening Brief are "not part of the record in this case" and therefore should not be considered by the Court. Plaintiffs' Answering Brief at pages 5, 6. While it is not clear to the United States to what Plaintiffs refer as "the record in this case", it is clear under Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the Court may consider "matters outside the pleading," and treat the Government's motion as one for summary judgment under Rule 56. Accordingly, the United States argues that the documents attached to its Opening Brief are appropriately before the court for consideration in support of the Government's motion. In fact, it is curious that Plaintiffs refer to not a single page in the voluminous medical records that supports their theory that the pacemaker caused injury to K.D.

Review of the attachments to the United States' Opening Brief shows that Plaintiffs failed to file their administrative claim within two years of its accrual, under federal law. *See, e.g.,*

*United States v. Kubrick*, 444 U.S. 111, 122-123 (1979). Accordingly, the Complaint should be dismissed or, in the alternative, summary judgment should be granted in the United States' favor.

II.     **The Adult Plaintiff-Father Failed to File an Administrative Claim**

The claim filed with NIH by Plaintiffs, attached as Exhibit 4 to the United States' Opening Brief, identifies KD and his father as follows: "Claimant: Kevin Dieffenbach (age 15 and SS# [\*\*\* \*\* \*\*\*\*]). Legal Representative: Kenneth Dieffenbach, Parent of Claimant." In the section of the form asking the basis of the claim, the narrative provided by Plaintiffs reads: "[t]he claimant was admitted to the National Institute of Health on December 9, 1995 for the insertion of a pacemaker under the care of Dr. Fananapazir." In the section of the form asking claimants to identify "the nature and extent of each injury ... which forms the basis of the claim", Plaintiffs wrote: "[a]s a result of the implantation of the pacemaker, the claimant has suffered permanent heart and vessel damage. With additional operations, claimant will suffer additional pain and suffering. Permanent scars on the chest is [sic] a major concern."

There can be no doubt that "the claimant" referred to in all these passages is the minor, KD. Similarly, KD's father is clearly identified as KD's "legal representative." Nowhere is he identified as a second plaintiff; nowhere does the claim form put NIH on notice that the father is also making a claim on his own behalf. For the reasons and upon the authorities cited in the United States' Opening Brief in support of its motion, this simply is not adequate for purposes of an administrative claim under the FTCA. *See, e.g., Frantz v. United States*, 791 F.Supp. 445 (D.Del. 1992).

Accordingly, the Complaint must be dismissed for lack of jurisdiction to the extent that it presents claims by Mr. Dieffenbach in his own name.

## CONCLUSION

The Government urges the Court to dismiss the Complaint with prejudice or, in the alternative, to grant summary judgment in favor of the United States.

    Respectfully submitted,

    COLM F. CONNOLLY
    United States Attorney

By: /s/Patricia C. Hannigan
    Patricia C. Hannigan
    Assistant United States Attorney
    Delaware Bar I.D. No. 2145
    The Nemours Building
    1007 Orange Street, Suite 700
    P. O. Box 2046
    Wilmington, DE 19899-2046
    (302) 573-6277
    Patricia.Hannigan@usdoj.gov